# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO ALANIZ, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-317-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Benito Alaniz, Sr., appeals his 120-month prison sentence following his guilty-plea conviction for conspiring to possess with the intent to distribute more than 100 kilograms of marijuana. Alaniz contends that the district court clearly erred in determining that he was an organizer, leader, manager, or supervisor of one or more other participants in the criminal activity and thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subject to a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c). *See* § 3B1.1, comment. (n.2).

"Whether a defendant exercised an aggravating role as an organizer, leader, manager, or supervisor for purposes of an adjustment under [§ 3B1.1(c)] is a finding of fact reviewed for clear error." *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). In making factual findings for sentencing purposes, the district court may consider any evidence bearing sufficient indicia of reliability to support its probable accuracy, such as a presentence report (PSR). *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). If the defendant takes issue with the PSR as evidence, he has "the burden of showing that the information in the [PSR] is materially untrue." *Id.*

Here, the district court adopted the PSR's factual finding that Alaniz was an organizer, leader, manager, or supervisor of the criminal activity. Alaniz challenged the PSR's determination by contending that other conspirators served as the leaders and organizers with respect to a specific marijuana smuggling offense alleged in a dismissed count of the indictment. Because more than one person may occupy a leadership or managerial role within a criminal association, Alaniz's assertion does not bar him from qualifying as a leader or organizer with respect to the criminal conspiracy. *See* § 3B1.1(c), comment. (n.4). Moreover, Alaniz admitted at sentencing that he recruited Sergio Gonzalez-Ruiz to participate in the conspiracy, and he did not refute the PSR's remaining findings that he recruited his son and Marcelino Mireles, Jr., generally exercised managerial authority over all three co-conspirators, exercised decision-making authority within the conspiracy, organized the smuggling events, and claimed a larger share of the smuggling payments.

In any event, Alaniz's unsworn assertions at the sentencing hearing are insufficiently reliable to be considered rebuttal evidence. S*ee United States v.*

*Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992). Alaniz has thus failed to carry his burden of establishing that the PSR's information is materially untrue. *See Nava*, 624 F.3d at 231. Accordingly, the district court did not clearly err in adopting the PSR's unrebutted factual finding that he was an organizer, leader, manager, or supervisor of the criminal activity for purposes of § 3B1.1(c)'s two-level aggravating role enhancement. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (holding that a district court's reliance on the facts set forth in a PSR will not constitute clear error if the defendant did not submit rebuttal evidence supporting his objection). The judgment of the district court is AFFIRMED.